United States District Court
the District of Massachusetts

**05 CA 12354 NMG**

FILED
IN CLERKS OFFICE
2005 NOV 23 A 10: 38
U.S. DISTRICT COURT
DISTRICT OF MASS.

Carlos Parra
Plantif

MAGISTRATE JUDGE RBC

RECEIPT # _____
AMOUNT $ 250.00
SUMMONS ISSUED 3
LOCAL RULE 4.1 —
WAIVER FORM —
MCF ISSUED —
BY DPTY. CLK. M.P.
DATE 11/23/05

Four Seasons Hotel

I'm Carlos Parra resident of Brookline Mass. and resident in United States. the defendant Four Seasons hotel Based on Boston Massochussets. I stand to work in the company 1984 in Houston Texas and I got transfer 1987 and work for the Hotel until 2004 on July 2003 I was called to the P.B. Director to ~~dis~~ tolk about a triple AAA inspector came to the hotel and complaint about my service to the best of my knowledge I have always received excellent reviews on the guest relations after so many meetings. and suspencions that causeme a lot emotional stress

I ask for the copy of the AAA inspection and was told absolutly not

Finaly I have the copy and my name is not on the report

I atached copys.

This count has Jurisdiction over this matter to 28 U.S.C 1332

Wherefor Plantif Demands Judgment against the Defendant

*Carlos F Parra* (signature)

Carlos Parra
40 Park St 2
Brookline, Mass-
02446

617-730 8476

To: Human Resources Director, Four Seasons Hotel, Boston
FAX #: 617-423-0154

From: Carlos Parra, Room Service Server
40 Park St. Apt. #2, Brookline, MA 02446

Date: August 22, 2003

Re: Complaint of Discrimination and Unfair Treatment

VIA FAX

---

This is my complaint of discrimination and unfair treatment against the Four Seasons Hotel, and management. I am a 57 year old Hispanic male, and I was born in Mexico. I speak English with a Spanish accent. I have worked for the Four Seasons hotels for approximately 18-1/2 years.

I have been employed by the Four Seasons since 1985, when I was hired in Houston, Texas. I was transferred to Boston in 1987 and since that time I have worked as a room service server and in banquets. To the best of my knowledge, I have always received excellent reviews on my performance evaluations in the area of guest services.

Approximately one month ago, I was called into a meeting, with Mr. Rainer, Food & Beverage manager, and Alexandra, the Assistant Manager of Room Service, with no advance notice. I was told that an AAA inspector criticized my service. I was informed that the inspector said I mumbled, that I had not pronounced her last name, that I had not given her the newspaper, that instead of attending to her I was watching television, and that I had provided no service at all. Insofar as I was criticized for mumbling and not pronouncing her last name, I feel this is discriminatory and based upon my accent and national origin. No one else has ever accused me of mumbling. The rest of the allegations are also untrue and are completely contrary to my habits of providing good service, to include addressing the guest by his or her full name, providing the newspaper to the guest, and providing attentive service. The allegations of the AAA inspector were taken at face value, and my denials of these allegations were totally disregarded. Aside from the discrimination I believe I was and continue to be subjected to, I believe I am being unlawfully retaliated against because I am a participant in a lawsuit against the company for charging guests 18% for service, while only paying servers 15%.

After my manager, John Gomez, came back from vacation, he gave me a written warning concerning these allegations. I refused to sign it because I wasn't guilty of this misbehavior. To be accused of misbehavior, when I knew I was not guilty of it, has caused me great stress. I also have felt intimidated, because I never know about meetings with management in advance, there are 2 or 3 individuals from management present,

while I am alone, I have been pulled out from work to attend such meetings, and I feel that management is watching me at all times, trying to find some justification for terminating me. Shortly after I refused to sign the written warning, I had a conversation with Alexandra, and she told me to forget about the accusations, to try to do a good job, and to go on with my job.

Yesterday, while I was working on banquets, I was pulled out, without notice, and required to attend a meeting with Mr. Terry Kennel, hotel manager, Mr. Rainer, and Mr. John Gomez. These same allegations were resurrected and given as a reason for my immediate suspension from work for 5 days. After the meeting I was told to go directly home. I was also told that my future employment with the company is questionable, based on these allegations.

I believe bad faith on the part of the company and management is shown by the following:
1. Not discussing with me the AAA inspector's allegations until approximately one week after these allegations were made. If these allegations were so serious, they should have been discussed with me immediately.
2. Using allegations that are approximately 5 weeks old and which I had been told were "over", as the basis for suspension, without warning to me.
3. Using these allegations as the basis for possible termination of my employment.

Based on what I have seen throughout my years of employment at the Four Seasons, I believe that other employees who have received negative comments from a AAA inspector have been treated more fairly than I have been treated. I don't know anyone else who has been suspended or threatened with termination based on a AAA inspector's negative comments.

I asked Mr. Kennel to see a copy of the AAA inspector's report, and he denied this request and said "Absolutely not."

I ask that you investigate this matter, and prevent the hotel from discriminating against me, from retaliating against me, and from terminating me. By submitting this letter to you, I do not waive any rights I may have to file claims for employment discrimination or retaliation with appropriate state or federal agencies, or in any court.

Please let me know, in writing, what you are doing in response to this complaint. Thank you in advance for your assistance.

 **TOURISM INFORMATION DEVELOPMENT** 
## LODGING EVALUATION
### SUMMARY

2013 [T4607] CONNECTICUT / MASSACHUSETT /RHODE ISLAND   Pg. 1 of 1

Date: July 24, 03
Property: Four Seasons Hotel Boston           ID: A040004
GEO Town / State: BOSTON, MASSACHUSETTS

**Recommended Action:**
- [ ] Rating based on evaluation: ____
- [ ] Rating adjustment to ____ diamonds
- [x] Rating pending Five Diamond review
- [ ] Potential rating adjustment next evaluation
- [ ] Conditional    [ ] Disapproved

**Rooms Evaluated:** 723, 725, 709, 711, 733, 425, 421, 301, 302

### Comments

Ongoing & planned renovations will help strengthen rating.

Though some departments showed outstanding services, in other areas services were less than expected. (Please see page 2 for details)

I understand that the next AAA evaluation could occur within four months of this evaluation.

Signature: Thomas Gurtner - GM        Title: GM
Printed name of contact                Date: July 24, 03

Evaluator: Jean Marie Principe

**CODES:** A = In need of attention    D = Detracting at rating    N = Not acceptable    V = Evidence of issues        Stk #4933    Rev 3/02

Canary: Inspector File        Gold: Chain Management

| Evaluation Date | | | 07/24/05 | | |
|---|---|---|---|---|---|
| Property Name | | | Four Seasons Hotel | | |
| Evaluator | | | J.M. Principe | | |

| Cllyst | R.Eng Expct | Task Value | 7A. Roomservice Order Services | Score | Comments |
|---|---|---|---|---|---|
| x | 2 | 1 | Service is available at limited hours | 1 | |
| x | 1 | 2 | Service is available 24/7 | 2 | |
| x | 2 | 1 | Service number is answered within three rings | 1 | |
| x | 2 | 1 | Order provides a warm and sincere greeting | 1 | |
| x | 3 | 2 | Order uses guest's name at least once prior to closing | 2 | |
| x | 5 | 2 | Order exhibits a sincere desire and compliance to all guest requests | 2 | |
| x | 5 | 2 | Order anticipates guest's needs | 2 | |
| x | 3 | 1 | Order asks appropriate questions and replies in a professional manner | 1 | |
| x | 3 | 1 | Order repeats order to guest | 1 | |
| x | 5 | 2 | Order asks if there are any other ways to be of service | 2 | |
| x | 3 | 1 | Order gives time estimate for delivery (within 30 minutes) | 1 | |
| x | 3 | 1 | Order offers a warm and sincere closing | 1 | |
| x | 3 | 1 | Order addresses guest by name during closing | 1 | |
| x | 4 | 1 | Order calls to advise guest if order will be late or items ordered are not available | 1 | |
| x | 4 | 1 | Express services are available for breakfast order | 1 | |
| | 5 | 1 | Shades of personalized services exist | | |
| | +/- | | Degree of Refinement/Competency +/- 1 or 2 pts. (optional) | | 23 |

| | | | 7B. Roomservice Delivery Services | | Comments |
|---|---|---|---|---|---|
| | 5 | 1 | Delivered within five minutes of time promised | 1 | No name use, mumbled greeting and seemed more interested in what was on TV than addressing me. Did not ask where I wanted table just set it up at edge of bed, uncovered items and mumbled a review but did not offer to pour beverage or mention how to get rid of table. Newspaper was hanging at door in bar when he arrived, as he left he just hung it on inside of door but did not present it to me. I phoned down for table removal, while waiting mini bar attendee came by. I thought she was there to remove it and she volunteered and did so. |
| | 4 | 1 | If a newspaper delivered to door or with breakfast is delivered to guest door, the paper is presented with breakfast | | |
| | 4 | 1 | Server provides a warm and sincere greeting | | |
| | 3 | 2 | Server uses guest name at least once prior to closing | | |
| | 5 | 2 | Server exhibits a sincere desire and compliance to all guest requests | | |
| | 5 | 2 | Server anticipates guest's needs | | |
| | 4 | 1 | Attendant offers a suggestion as to tray/table placement | | |
| | 5 | 2 | Attendant is conversant during setup and delivery | | |
| x | 4 | 1 | Attendant reviews guest order | 1 | |
| x | 4 | 1 | Attendant properly table set up, and removes food cover with guest permission | 1 | |
| x | 4 | 1 | Food presentation and quality of ingredients reflects an upscale experience | 1 | |
| x | 4 | 1 | Plate, dishware and linens are of an upscale quality | 1 | |
| x | 4 | 1 | Food is served at the proper temperature (hot food hot and cold food cold) | 1 | |
| | 4 | 1 | Food is prepared as ordered | | |
| | 5 | 2 | Shades of personalized services exists | | |
| | 4 | 1 | Attendant offers to pour beverage | | |
| | 4 | 1 | Attendant provides written or verbal assistance to remove table/tray | | |
| x | 5 | 2 | Attendant asks if there are any other ways to be of service | 2 | |
| | 4 | 1 | Attendant offers a warm and sincere closing | | |
| | 5 | 1 | Attendant addresses guest by name during closing | | |
| x | 4 | 1 | Prompt removal of trays/tables, upon request | 1 | |
| x | +/- | 2 | Degree of Refinement/Competency +/- 1 or 2 pts. (optional) | -2 | 27 |
| | | | (TOTAL 64 possible points) Room Services Score | 27 | |
| | | | Room Services Rating | 4 | |
| | | | Additional Comments | | |



# FOUR SEASONS HOTEL
### Boston
A FOUR SEASONS • REGENT HOTEL

## NOTICE OF UNSATISFACTORY PERFORMANCE

Employee Name: CARLOS PARRA

Department: ROOM SERVICE          Date: 08/01/03

This notice is to inform you that your performance has been unsatisfactory for the reasons indicated below:

**Poor Attitude**
___ Discourtesy
___ Uncooperative
___ Insubordination
___ Violation of policy

**Substandard Work**
✓ Carelessness
✓ Low Output
___ Undependable

**Poor Attendance**
___ Tardiness
___ Absenteeism

Specify misconduct in detail: IT WAS BROUGHT TO OUR ATTENTION ON JULY 26, 2003 THAT THE SERVICE OF A BREAKFAST ORDER SERVED BY CARLOS ON JULY 23, 2003 IN ROOM 743 WAS BELOW STANDARDS. THE DETAILS WERE DISCUSSED WITH HIM BY THE ROOM SERVICE MANAGER ON DUTY AND F&B DIRECTOR. IT WAS MADE KNOWN TO CARLOS THAT CARELESS AND LOW OUTPUT IMPACTS THE GUEST AND OVERALL THE REPUTATION OF THE HOTEL.
FUTURE INFRACTIONS COULD LEAD TO FURTHER DISCIPLINARY ACTION UPTO &, INCLUDING TERMINATION.

### Disciplinary Action Taken

___ Verbal Warning          ✓ Written Warning
___ Suspension              ___ Discharge

If Suspended: _____ working days     Dates: _____

Has employee been previously warned?     ___ Yes     ___ No

Date _____     Action taken _____

I have read and fully understand this notice.

Employee signature REFUSED TO SIGN          Supervisor's signature JOHN GOMEZ
P-5 (8/85) WITNESSED BY ALEXANDRIA PUENOU

EMPLOYEE/WHITE COPY          PERSONNEL/YELLOW COPY          DEPT. HEAD/PINK COPY

**Beth Israel Deaconess Medical Center**

A teaching hospital of Harvard Medical School

July 18, 2005

To Whom This May Concern

RE: Carlos Parra  BID#: 098-06-36

Dear Sir/Madam:

I am a psychiatrist working at Beth Israel Deaconess Medical Center. This morning I saw Mr. Carlos Parra for an initial evaluation.

Mr. Parra has been in treatment for management of depression and anxiety, which appear to be in part related to stress at his former job. He will continue to see me on a regular basis for these issues.

Sincerely,

Michael Ziffra, MD
330 Brookline Ave.
Boston, MA 02215
(617) 667-2300, ext. 11937

[SOURCE: OMR]

330 Brookline Avenue
Boston, MA 02215

(617) 667-7000
www.bidmc.harvard.edu

Affiliated with Joslin Clinic | A research partner of the Dana-Farber/Harvard Cancer Center | Official hospital of the Boston Red Sox

EEOC Form 161 (3/98)   U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Carlos Parra<br>40 Park Street #2<br>Brookline, MA 02446 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2004-01501 | Anne R. Giantonio,<br>Intake Supervisor | (617) 565-3189 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Robert L. Sanders,
Area Office Director

SEP 1 4 2005
(Date Mailed)

Enclosure(s)

cc: FOUR SEASONS HOTEL
200 Boylston Street
Boston, MA 02116